CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIPE VALENTE and JUAN AMIGON, on behalf of themselves, and others similarly situated,

      Plaintiffs,

-against-

2 WITH DELI CORP. dba SARGES DELI, and ANDREW WENGROVER,

      Defendants.

Case No.: 17 CV 6889

**COMPLAINT
F.L.S.A. COLLECTIVE
ACTION**

---

  Plaintiffs, Felipe Valente and Juan Amigon ("Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, 2 With Deli Corp., doing business as "Sarge's Deli", ("Sarge's Deli"), and Andrew Wengrover, individually (collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

  1. Plaintiffs, Felipe Valente and Juan Amigon, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid minimum wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs, Felipe Valente and Juan Amigon, further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid minimum wages and overtime compensation; (2) unpaid "spread of hours" premium for each day they worked a spread of more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of New York City, New York, and were former employees of the defendants.

6. Defendant, 2 With Deli Corp., dba "Sarge's Deli", is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 548 Third Avenue, New York, New York 10016.

7. Upon information and belief, Defendant, Andrew Wengrover, is an owner, officer, director and/or managing agent of Sarge's Deli, whose address is unknown at this time and who participated in the day-to-day operations of Sarge's Deli and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations

promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Sarge's Deli.

8. Plaintiff, Felipe Valente, was employed by Defendants in New York County, New York, to work as a general helper and delivery person, for Defendants' delicatessen known as "Sarge's Deli" from approximately January 2014 through May 2014; and again November 2015 through September 21, 2016.

9. Plaintiff, Juan Amigon, was employed by Defendants in New York County, New York, to work as a general helper, dishwasher, and delivery person, for Defendants' delicatessen known as "Sarge's Deli" from approximately 2009 through July 21, 2017.

10. At all relevant times, Sarge's Deli was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Sarge's Deli.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned minimum wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

14. Plaintiffs, Felipe Valente and Juan Amigon, have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In or around January 2014, Plaintiff, Felipe Valente, was hired by Defendants to work as helper and delivery person at Defendants' delicatessen known as "Sarge's Deli" located at 548 Third Avenue, New York, New York 10016.

16. Plaintiff Felipe Valente worked continuously between January 2014 through May 2014; he returned in November 2015 through September 21, 2016.

17. During Plaintiff Felipe Valente's employment by Defendants, he generally worked over forty (40) hours per week. Plaintiff generally worked six (6) shifts per week, ten (10) hours per day, for a total of sixty (60) hours per week.

18. Plaintiff Felipe Valente was paid "straight-time", without the required overtime premium pay.

19. During 2014 and 2015, Plaintiff Felipe Valente was paid $5.25 per hour; in 2016 Plaintiff Felipe Valente was paid $7.50 per hour. Throughout his employment, Plaintiff was not paid an overtime premium for hours worked above forty (40) each week.

20. In or around 2009, Plaintiff, Juan Amigon, was hired by Defendants to work as helper and delivery person at Defendants' delicatessen known as "Sarge's Deli" located at 548 Third Avenue, New York, New York 10016.

21. Plaintiff Juan Amigon worked continuously between 2009, through July 21, 2017.

22. During Plaintiff Juan Amigon's employment by Defendants, he generally worked over forty (40) hours per week. Plaintiff generally worked six (6) shifts per week, ten (10) hours per day, for a total of sixty (60) hours per week.

23. Plaintiff Juan Amigon was paid "straight-time", without the required overtime premium pay.

24. During 2014 and 2015, Plaintiff Juan Amigon was paid $5.25 per hour; in 2016 Plaintiff Juan Amigon was paid $7.50 per hour. Throughout his employment, Plaintiff was not paid an overtime premium for hours worked above forty (40) each week.

25. Plaintiffs were paid up to forty (40) hours by check, and their "overtime" pay, in cash, at the same rate of pay.

26. During most of their employment, Plaintiffs were not provided with an accurate wage statement of their weekly hours, hourly rate calculation, deductions, and compensation.

27. Plaintiffs were paid "overtime" compensation, at their regular hourly rate, which was, at all times, below State and Federal minimum wage.

28. Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiffs, their regular rate of pay for those hours, as required by state and federal law.

29. Plaintiffs were not given a detailed and accurate "wage statement" as required by State and Federal law.

30. Defendants knowingly and willfully operated, and continue to operate, their businesses with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

31. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

32. Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

33. Under federal and state law it is the employers' responsibility to keep records of employees' hours and wages.

34. Defendant, Andrew Wengrover, is an individual who, upon information and belief, owns the stock of Sarge's Deli, owns Sarge's Deli, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COLLECTIVE ACTION ALLEGATIONS

35. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiffs and other similarly situated employees.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant since August 2014 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

38. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt dishwashers, and delivery persons who currently are, or have been employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and who did not receive proper overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

39. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, the class is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

40. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

42. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

43. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether Defendants failed to pay minimum wages, and overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

c. Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

d. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, statutory, interest, costs, disbursements, and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

44. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

47. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

48. Plaintiffs were entitled to be paid at the rate of time and one-half their regular rate of pay, for all hours worked in excess of the maximum hours provided for in the FLSA.

49. Defendants failed to pay Plaintiffs minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

50. At all relevant times, Defendants had, and continues to have, a policy and practice of refusing to pay minimum wages for all hours worked, and overtime compensation at the statutory rate of time and one-half, to Plaintiffs, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

51. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs minimum wages and overtime compensation at time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages or overtime pay would financially injure Plaintiffs.

52. Defendants' failed to properly record, report, credit and/or compensate its employees, including Plaintiffs, overtime at the rate of time and one-half, as required by Federal law.

53. Defendants failed to make, keep and preserve sufficient records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices

of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

54. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to further amend this Complaint to set forth the precise amount due.

55. Defendants failed to properly disclose or apprise Plaintiffs, of their rights under the FLSA.

56. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

57. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

58. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

59. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay minimum wages and overtime compensation, for each hour worked in excess of forty (40) hours in a workweek.

62. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

63. Defendants did not provide Plaintiffs and all other similarly situated employees, with an accurate written statement accounting for their actual hours worked, and setting forth their hourly rate of pay, regular wage, deductions, and/or overtime wages.

64. Upon information and belief, payment in cash without a proper wage statement was done intentionally, and with the designed intent of disguising the actual number of hours the employees worked, to avoid paying them for their full hours worked; and, overtime due.

65. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

66. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

67. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "66" of this Complaint as if fully set forth herein.

68. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

69. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

70. Plaintiffs and others similarly situated were paid part of their wages in cash, and not provided with an accurate wage statement as required by law.

71. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, Felipe Valente and Juan Amigon, on behalf of themselves and similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages and overtime wages due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums under the New York Labor Law;

(d) Statutory penalties for failing to comply with the notice and record-keeping requirements of the New York State Wage Theft Prevention Act.

(e) An award of liquidated damages pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
September 11, 2017

                Respectfully submitted,

                CILENTI & COOPER, PLLC
                **Attorneys for Plaintiffs**
                708 Third Avenue – 6th Floor
                New York, NY 10017
                Telephone  (212) 209-3933
                Facsimile   (212) 209-7102

By: _____
        Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Felipe Valente__, am an employee currently or formerly employed by __Sarges Deli__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__7/28__, 2017

_____

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Juan Amigon_____, am an employee currently or formerly employed by _____Sugges Deli_____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____July 28_____, 2017

_____/s/ Juan Amigon_____