# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com
www.jcpclaw.com

May 9, 2018

**REQUEST FOR APPROVAL
OF AN FLSA SETTLEMENT**

**BY ECF**

Honorable Judge Sarah Netburn
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: **Juan Amigon v. 2 With Deli Corp. (*dba* Sarges Deli), et. al.
        Case No. 17-Civ-6889 (RA)(SN)**

Dear Judge Netburn,

  We are counsel to the plaintiff Juan Amigon in this action. The other plaintiff Felipe Valente retained different counsel and the court previously permitted their substitution. The parties met with Your Honor on April 24, 2018, and with the assistance of the court, reached separate agreements to settle the action. The parties have consented to this court's jurisdiction for all purposes [Docket 22].

  Provided with this correspondence as Exhibit "A", is plaintiff Amigon's fully executed settlement agreement with the defendants. As the court may recall, the agreement provides for four (4) monthly payments. The terms of the agreement reached in court were memorialized in a written settlement agreement. The court may recall this was reached after a extensive negotiation and exchange of positions and payroll records, and at arms length, and with all parties represented by experienced counsel. Indeed, the restaurant raised the issue of a significant fire, which forced its closure during a significant portion of Mr. Amigon's alleged employment. Our office confirmed this to be true.

  As the court may recall, Mr. Amigon did not attend the meeting in court because his infant daughter was hospitalized, but the undersigned had full authority to resolve the case on his behalf, and indeed we did reach a fair and reasonable resolution with the assistance of the court.

Mr. Amigon subsequently confirmed that he is very satisfied with the outcome of the proceedings and thanked the court for its assistance.

The agreement (Exhibit "A") conforms in all respects with relevant authority, which disallows overbroad releases, confidentiality agreements or other provisions which raise "red flags". We understand the case will be fully dismissed once the co-plaintiff finalizes his agreement with the defendants. Nevertheless we seek approval at this juncture to start the clock for the initial and subsequent payments.

As the court is aware, our office has requested to retain one-third of Mr. Amigon's settlement as attorneys' fees, in addition to reimbursement for filing and service of the complaint. This is consistent with our retainer agreement with Mr. Amigon. Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld contingency agreements of one-third or higher. *See In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation). We seek no compensation in connection with our prior representation of Mr. Valente. Our fees are less than our office would have billed on an hourly basis. We note that the settlement reached was explicitly inclusive of all fees and costs incurred, and we seek no additional compensation for fees.

We appreciate the assistance of Your Honor at the settlement meeting and throughout the case.

Respectfully submitted,

Peter H. Cooper