# PARK & SIM
## GLOBAL LAW GROUP, LLP
Attorneys-at-Law
39-01 Main Street, Suite 608
Flushing, New York 11354
Tel: (718) 445-1300
Fax: (718) 445-8616

May 16, 2018

**VIA ECF**
Magistrate Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square, Courtroom 219
New York, NY 10007

Re:       **Valente, et al. v. 2 With Deli Corp., et al**
          **Case No.: 17-CV-6889**

Dear Honorable Netburn:

This letter is submitted as a request for the Court's approval of the settlement in the above-captioned matter.  The parties have reached an agreement to settle the matter in the amount of $21,000.00 (inclusive of attorney's fees and costs) for the Plaintiff, Felipe Valente.  Therefore, we are now seeking the Court's formal approval of this Settlement Agreement.  A copy of the settlement agreement is annexed hereto as **Exhibit A.**

## I.       Background

Plaintiff, Felipe Valente, commenced this action in this Court seeking damages for unpaid overtime compensation under the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA").

In this case, the Plaintiff alleges that he worked for Defendants without being paid proper overtime and spread-of-hours compensation.  In this respect, Plaintiff alleges that he worked over ten (10) hours per day for five (5) days a week without being paid: (i) spread-of-hours compensation; and (ii) full overtime wages.

## II.      The Settlement of $21,000.00 for the Plaintiff Should Be Approved

It is well settled that the Second Circuit Court of Appeals has held that settlements of FLSA claims require judicial approval.  *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015)(holding that, "[r]ule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA

1

claims with prejudice require the approval of the District Court or the DOL to take effect"). In determining whether to approve a proposed FLSA settlement, relevant factors include:

> (1) The Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*See Camacho v. Ess-a-Bagel, Inc.,* Index No, 14-CV-2592, 2014 U.S. Dist. LEXIS 171649 (S.D.N.Y. Dec. 11. 2014) It is submitted that the settlement in this case meets all five (5) criteria and thus, all parties jointly request the Court's approval of the settlement.

### a.  Possible Range of Recovery

Based on the undersigned's analysis, Plaintiff determined that the potential maximum recovery for back pay in this action was $36,810.71. This figure does not include liquidated damages and costs.

However, Defendants maintained that Plaintiff was fully paid for all work performed, including overtime compensation; and thus, no back pay for overtime is owed and no liquidated damages would be owed under any circumstance based on the paystubs.

### b.  Primary Factual Dispute and Risks

Plaintiff alleges that he was not paid the appropriate overtime or spread-of-hours compensation for the hours worked. Therefore, he is entitled to overtime compensation, as well as the spread of hours compensation. In contrast, Defendants allege that Plaintiff was fully paid for all hours he worked. In support, Defendants assert that Plaintiff's time worked was properly calculated and thus, Defendants do not owe any additional overtime or spread of hours compensation to the Plaintiff. Defendant produced documents such as wage statements, payroll, and time punch cards to support their position. Further, Defendants claim that the store caught on fire and was under renovation until March of 2014 and thus, Defendants raise issues with respect to Plaintiff's claims. Complicating matters is the fact that this Plaintiff states that some of the assertions made in the Summons and Complaint by prior counsel were incorrect.

Since the Defendants will vigorously challenge the number of hours worked claimed by the Plaintiff, it is possible that any recovery for overtime compensation could be reduced if Defendants were able to demonstrate that Plaintiff did not work the amount of hours alleged in the Complaint.

While the Plaintiff believes that the Court will ultimately find that Plaintiff were owed overtime and spread-of-hours compensation, there are issues whether Defendants would be able to compensate Plaintiff and whether the jury would find that the paystubs were accurate and

reflected full payment to the Plaintiff. As such, it is believed that this poses a serious litigation risk on the issue of whether Plaintiffs would be paid on his claims.

Therefore, Plaintiff faces substantial litigation risks with respect to whether he would be able to receive payment through judgment enforcement. Consequently, there was a significant risk for both parties to engage in protracted and costly litigation over these issues, with no guarantee of recovery for the Plaintiff.

### III.    FAIRNESS OF PROPOSED AGREEMENT

Plaintiff believes that the $21,000.00 settlement amount is a fair compromise to resolve this case without further litigation, and without subjecting both parties to the time and expense of further discovery and trial.

Each settling party is represented by experienced counsel. Each Counsel's practice focuses on litigation, including employment law and each individual attorney has significant experience in FLSA matters. Plaintiff's counsel is an attorney who has extensive experience in litigating matters in trial court as well as the appellate courts. As part of the litigation practice, Plaintiff's counsel handles FLSA matters for both Plaintiffs and Defendants. Defendants' counsel also focuses on litigation, including matters brought under FLSA.

As discussed above, there were several contested issues that made the settlement of the claims asserted in this action difficult. The parties exchanged numerous demands and counterproposals prior to reaching the settlement of this action for $21,000.00 to be paid within thirty (30) days of Court approval of the settlement of this matter.

The contested issues demonstrate that there was no fraud or collusion. *Meigel v. Flowers of the World, NYC, Inc.,* No. 11-CV-465 (KBF), 2012 WL 70324 (S.D.N.Y. Jan. 9, 2012)(the Court held that the courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.)

In this case, the settlement was achieved through arm's length bargaining by the parties after the exchange of documents in this case and after the parties attended a settlement conference before Your Honor where the parties were able to assert their positions and, during which, the parties ultimately agreed to resolve this matter. Further, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the Settlement Agreement.

### IV.    RELEASE

The Settlement Agreement contains a release that is limited to all wage and hour claims asserted in Plaintiffs' Complaint and does not contain a general release.

## V.     ATTORNEYS' FEES

Pursuant to the retainer agreement between Plaintiff and Plaintiff's counsel, Plaintiff's attorneys are entitled to recover legal fees and legal disbursements made on the case.  The disbursements totaled $251.00, which included half the cost for the filing fee for the summons and complaint and service of process fees.  Plaintiff's attorneys would receive 33.33% of the net settlement of the $21,000.00 settlement amount minus disbursements which is equal to $6,916.33.  *In Re Lawrence,* 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written").  As Judge Pitman explained, *Cheeks* does not require the Court to review a Plaintiff's fee arrangement with this attorney.

> I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under *Cheeks* … As described in *Cheeks,* the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from overreaching by the employer.  I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

*Villalva-Zeferino v. Park,* No. 15-CV-6932 (HBP), 2016 WL 740387 (S.D.N.Y. Feb. 17, 2016); *Gutierrez v. 352 E. 86th St. Rest. Inc.,* No. 15 CV 2064, 2016 WL 750940 (S.D.N.Y. Feb. 19, 2016)

Plaintiff's counsel's total Lodestar is currently $8,272.50, which represents 26.85 hours worked on this file.  A copy of contemporaneous time records is annexed hereto as **EXHIBIT B**.  Plaintiff's counsel understands that we would be taking a fee that is less than the Lodestar in order to make this settlement fair and reasonable for the Plaintiff.  The undersigned attorney billed at a rate of $450.00 per hour and associate's work was billed at $300.00 per hour.  The firm also charged for a bilingual paralegal's time to attend the settlement conference at $100.00 per hour.  The undersigned became admitted to the bar in 1996 and worked for an international tax firm in New York City.  The undersigned represented Fortune 500 companies in international transfer pricing, mergers and acquisitions, tax strategies, competent authority matters under U.S. tax treaties as well as employment tax matters.  The undersigned was a founding partner of the undersigned's law firm in 2003.  Over the course of the undersigned's experience, the undersigned has litigated thousands of cases as well as hundreds of appeals.  The undersigned also currently serves as the attorney of record for dozens of wage and hour lawsuits in the Southern District of New York and the Eastern District of New York.

The one-third legal fee request is a fair and reasonable amount, as it was not only agreed upon by the Plaintiff and counsel in the retainer agreement, but is also routinely approved by Courts in the Second Circuit.  Therefore, Plaintiff respectfully requested that the Court approve the settlement in this matter.

We appreciate Your Honor's attention to this matter. If you have any question in connection with the foregoing, please do not hesitate to contact me.

Respectfully submitted,

*/s/ Sang J. Sim*

Sang J. Sim, Esq. of
Park & Sim Global Law Group, LLP

cc:     All Counsel (via ECF)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FELIPE VALENTE and JUAN AMIGON,
on behalf of themselves, and others
similarly situated,

                        **Plaintiffs,**

          -against-

2 WITH DELI CORP. d/b/a SARGES DELI
And ANDREW WENGROVER,

                    **Defendants.**
-------------------------------------------------------------X

Index No.: 17 Civ. 6889 (SN)

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between Felipe Valente (hereinafter "PLAINTIFF") and 2 With Deli Corp. d/b/a Sarge's Deli and Andrew Wengrover, and said company's successors, predecessors, parent, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's heirs, executors, administrators, successors, assigns, and attorneys (herein collectively referred to as "DEFENDANTS");

A.      WHEREAS, PLAINTIFF has brought forth an action in the United StatesDistrict Court, Southern District of New York (17 Cv. 6889), against DEFENDANTSalleging violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York State Labor Law; and

B.      WHEREAS, DEFENDANTS have denied PLAINTIFF'S claims; and

C.    WHEREAS, PLAINTIFF and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and

D.    WHEREAS, DEFENDANTS are willing to enter into this Agreementwith PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF'S promises set forth in this Agreement; and

E.    WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as follows:

1.    **Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFF the total amount of Twenty-One Thousand Dollars ($21,000.00)within thirty (30) days of Court approval of the settlement of this matter and upon the signing of this Agreement and execution of a W-9 by PLAINTIFF'S counsel.  Payment shall be made payable to "Park & Sim Global Law Group, LLP".

PLAINTIFF further agrees that he will be individually responsible for any employee taxes due on the payment pursuant to this Paragraph and agrees to indemnify and hold harmless DEFENDANTS for any such liability with respect to that payment.  PLAINTIFF acknowledges that his attorneys' fees and expenses will be paid as part of the monies set forth in this Paragraph,

and there will be no further or separate claim for attorneys' fees or expenses.

## 2.    Adequate Consideration.

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims heis waiving under this Agreement and for the obligations imposed upon him by virtue of this Agreement.  PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFF in this Agreement.  In exchange for this Agreement, PLAINTIFF'S counsel will provide DEFENDANTS' counsel with an executed Stipulation of Discontinuance With Prejudice, which is annexed hereto as Exhibit A, and which will be filed with the Court after approval by the Court that the settlement is fair and reasonable, and after the payment set forth in Paragraph 1 herein has been made.

## 3.    Release of Claims by PLAINTIFF.

PLAINTIFF voluntarily and irrevocably releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFF that he was not paid overtime, minimum wage, spread of hours and/or other wages and/or tip credits, and was not provided with wage records in connection with his employment in violation of the FLSA and the New York Labor Law.  The claims released by PLAINTIFF include any and all claims against DEFENDANTS concerning PLAINTIFF'S employment with or arising fromhisemployment with DEFENDANTS pursuant to the FLSA and

-3-

the New York Labor Law which were asserted during the course of this litigation, including claims for unpaid overtime, unpaid minimum wage, unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4) as well as claims for failure to maintain and/or provide wage records pursuant to New York Labor Law § 195(1) and (3). PLAINTIFF understands that he is releasing any and all claims asserted against DEFENDANTS pursuant to the FLSA and New York Labor Law during the course of this litigation.

4.    **Affirmations by PLAINTIFF.**

a. PLAINTIFF agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a claim is brought on his behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the PLAINTIFF in Paragraph 3 herein, he is waiving his right to recover money or other relief in such action.

b. As a result of this settlement, PLAINTIFF admits and affirms that: (i)he has had an opportunity to consult his attorney about whether this settlement is reasonable and fully satisfies his claims against DEFENDANTS; (ii) he has no other outstanding lawsuits or claims against DEFENDANTS, other than the action brought in the United States District Court, Southern District of New York (17 Civ. 6889), and (iii) this Agreement has been entered into after a settlement conference was held between all parties on April 24, 2018 during which time the parties had an opportunity to hear each side's arguments, and the terms of this settlement

were agreed to and negotiated during such mediation.

        c.    PLAINTIFF affirmshis understanding that the statute of limitations for any claim he might possess, including under any of the statutes referenced in Paragraph 3, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement.

        d.    PLAINTIFF has entered into this Agreement under his own free will and volition upon consultation with his attorney.

        e.    PLAINTIFF has had this Settlement Agreement read to him by PLAINTIFF'S counsel and/or an employee thereof in his native language and/or has been provided a copy of this Agreement in his native language.

        **5.    No Admission of Liability or Wrongdoing.**

PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF.

        **6.    Breach.**

In the event of a breach of this Agreement by DEFENDANTS for PLAINTIFF'S failure to receive the payments set forth in Paragraph 1, PLAINTIFF, by his attorney, shall send written notice of such breach by e-mail to DEFENDANTS' counsel, Franklin, Gringer & Cohen, P.C, 666 Old Country Road, Suite 202, Garden City, New York 11530, Attn: Joshua Marcus, Esq. Upon notice of such breach, DEFENDANTS shall have five (5) business days to cure such breach. If such breach is not cured within five (5) business days, PLAINTIFF shall be permitted

to file a motion with the Court seeking a judgment to enforce the terms of this Agreement and to seek any and all costs and attorneys' fees incurred in making such motion.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The United States District Court, Southern District of New York shall retain jurisdiction for purposes of enforcing the parties' Settlement Agreement. The parties agree that any such dispute shall be resolved by a judge, not by a jury.

### 7.    Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of theirchoosing. PLAINTIFFhereby represents that he has consulted hisattorney(s) about this Agreement before signing it.

### 8.    Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

### 9.    Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the

language in question.

### 10.    Disputes; Damages.

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement.

### 11.    Waiting Period, Right of Revocation, Effective Date.

PLAINTIFF acknowledges that he has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that he has been given the opportunity and, in fact, has consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFF signs this Agreement.

### 12.    Entire Agreement.

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFF and DEFENDANTS.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT**

AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL ANDBINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

-8-

**FELIPE VALENTE**

Date:

Sworn to and subscribed before me this
___ day of May, 2018.

Notary Public, State of New York

**2 WITH DELI CORP. d/b/a SARGE'S DELI**

By: _____

Date:

Sworn to and subscribed before me this
___ day of May, 2018.

_____
Notary Public, State of New York

_____
**ANDREW WENGROVER**

Date:

Sworn to and subscribed before me this
___ day of May, 2018.

_____
Notary Public, State of New York

-9-

unless it is done so pursuant to a written document signed by both PLAINTIFF and DEFENDANTS.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL ANDBINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT.   THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

_____

**FELIPE VALENTE**

Date:

Sworn to and subscribed before me this
day of , 2018.

Notary Public, State of New York

**2 WITH DELI CORP. d/b/a SARGE'S DELI**

By: _Andrew Dengrover_

Date: 5/10/18

Sworn to and subscribed before me this 10ᵗʰ
day of , 2018.
May

Notary Public, State of New York

RYAN BUCKLEY
Notary Public - State of New York
NO. 01BU6347422
Qualified in Suffolk County
My Commission Expires Sep 6, 2020

**ANDREW WENGROVER**

Date: 5/10/18

Sworn to and subscribed before me this
day of , 2018.
May

Notary Public, State of New York

RYAN BUCKLEY
Notary Public - State of New York
NO. 01BU6347422
Qualified in Suffolk County
My Commission Expires Sep 6, 2020

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X     Index No.: 17 Civ. 6889 (SN)

FELIPE VALENTE and JUAN AMIGON,
on behalf of themselves, and others
similarly situated,

                    Plaintiffs,


-against-


2 WITH DELI CORP. d/b/a SARGES DELI
And ANDREW WENGROVER,

                    Defendants.
------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE


        IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed
with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court
without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement
Agreement.

Dated: Garden City, New York

_____, 2018

For the Plaintiffs:          For the Defendants:


PARK & SIM GLOBAL LAW GROUP LLP        FRANKLIN, GRINGER & COHEN, P.C.

By:_____        By:_____

Sang J Sim, Esq.                              Joshua Marcus, Esq.

*Attorneys for Plaintiff Felipe Valente*          *Attorneys for Defendants*

39-01 Main Street, Suite 608                  666 Old Country Road, Suite 202

Flushing, NY 11354                            Garden City, NY 11530

(718) 445-1300                                (516) 228-3131


So Ordered

_____

U.S.D.J.

--

**EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X          Index No.: 17 Civ. 6889 (SN)

FELIPE VALENTE and JUAN AMIGON,
on behalf of themselves, and others
similarly situated,

                    Plaintiffs,

          -against-

2 WITH DELI CORP. d/b/a SARGES DELI
And ANDREW WENGROVER,

                    Defendants.
--------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

      IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed

with prejudice, without costs to any party against any other.  This Stipulation may be filed with the Court

without further notice to any party.  This Court shall retain jurisdiction to enforce the parties' Settlement

Agreement.

Dated:  Garden City, New York

_____, 2018

For the Plaintiffs:                                        For the Defendants:

PARK & SIM GLOBAL LAW GROUP LLP          FRANKLIN, GRINGER & COHEN, P.C.

By:_____            By:_____
Sang J Sim, Esq.                        Joshua Marcus, Esq.
*Attorneys for Plaintiff Felipe Valente*   *Attorneys for Defendants*
39-01 Main Street, Suite 608            666 Old Country Road, Suite 202
Flushing, NY 11354                      Garden City, NY 11530
(718) 445-1300                          (516) 228-3131


                                        So Ordered

                                        _____
                                        U.S.D.J.

**Exhibit B**

File No: PS0029-Felipe Valente, et ano. V. Serge's Deli

| Date | Work Performed | Hours Spent | Charge | Attorney |
|------|----------------|-------------|--------|----------|
| 10/17/2017 | Drafted Substitution Documents. Reviewed Summons and Complaint. Discussed case with Plaintiff | 2.20 | $ 990.00 | SS |
| 10/20/2017 | Mailed out Substitution Documents to prior attorney | 0.25 | $ 75.00 | YL |
| 12/7/2017 | E-filed Consent to change atty. | 0.25 | $ 100.00 | SS |
| 12/7/2017 | Drafted Affidavit for Felipe to efile regarding Sub-In | 0.75 | $ 225.00 | YL |
| 1/19/2018 | Emailed SDNY attaching Affidavit of Pla. And Consent to Change Atty. | 0.35 | $ 105.00 | YL |
| 1/22/2018 | Called SDNY to F/u with the email | 0.25 | $ 75.00 | YL |
| 1/26/2018 | Drafted and efiled Notice of Appearance | 0.25 | $ 75.00 | YL |
| 1/26/2018 | Drafted and efiled Notice of Appearance for Sang J. Sim | 0.30 | $ 135.00 | SS |
| 3/13/2018 | Phonecall with Felipe Valente regarding tips during his employment | 0.75 | $ 225.00 | YL |
| 3/13/2018 | Drafted Confidential Settlement Statement to Judge Netburn | 2.25 | $ 1,012.50 | SS |
| 3/14/2018 | Reviewed and edited Confidential Settlement Statement to Judge Netburn and submitted via email | 1.25 | $ 562.50 | SS |
| 3/14/2018 | Prepared Attendance Acknowledgement form | 0.20 | $ 60.00 | YL |
| 3/15/2018 | Submitted Attendance Acknowledgement to Judge Netburn | 0.20 | $ 60.00 | YL |
| 3/26/2018 | Phonecall with Felipe Valente to inform him of his Settlement Conference date, time, location. | 0.75 | $ 225.00 | YL |
| 3/30/2018 | Conferred with Judge and parties regarding rescheduling settlement conference of May 21 due to predicted snowstorm on May 21 | 0.50 | $ 150.00 | YL |
| 4/19/2018 | Phonecall with Felipe Valente regarding additional documents he may have so that he can fax to our office | 0.40 | $ 120.00 | YL |
| 4/23/2018 | Review damages spreadsheet with Plaintiff. Discuss settlement conference with client | 1.25 | $ 375.00 | YL |
| 4/24/2018 | Settlement Conference translation | 5.00 | $ 500.00 | KC |
| 4/24/2018 | Settlement Conference Appearance | 5.00 | $ 1,500.00 | YL |
| 4/25/2018 | Drafted and efiled settlement letter for Plaintiff Valente | 0.50 | $ 150.00 | YL |
| 5/4/2018 | Reviewed Settlement Agreement and Release of Claims. Discuss matter with client | 1.75 | $ 787.50 | SS |
| 5/10/2018 | Emailed the revised Settlement Agreement to Defense Counsel | 0.20 | $ 90.00 | SS |
| 5/14/2018 | Discussed settlement agreement with Client. Forwarded executed settlement agreement to defense attorney | 2.25 | $ 675.00 | YL |
| | TOTAL | 26.85 | $ 8,272.50 | |